UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| PHILLIP W., | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | 2:19-cv-00258-JDL |
| ANDREW M. SAUL, Commissioner of Social Security, | ) | |
| Defendant | ) | |

**REPORT AND RECOMMENDED DECISION**

Plaintiff seeks judicial review of Defendant's final administrative decision on Plaintiff's application for supplemental income benefits under Title XVI of the Social Security Act. At the administrative level, Defendant found that although Plaintiff has severe impairments consisting of degenerative disc disease and depression, Plaintiff retains the functional capacity to perform substantial gainful employment. Defendant, therefore, denied Plaintiff's request for disability benefits. In addition to contesting certain findings of the Administrative Law Judge (ALJ), Plaintiff challenges the authority of the ALJ to decide Plaintiff's claim.

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

### DISCUSSION

Plaintiff contends that pursuant to the Supreme Court's decision in *Lucia v. S.E.C.*,

585 U.S. \_\_\_, 138 S.Ct. 2044, 201 L.Ed.2d 464 (2018),[1] remand is appropriate because the ALJ who denied his claim was not appointed in accordance with the Appointments Clause of the United States Constitution. Defendant acknowledges that given the date of the ALJ's decision,[2] if Plaintiff timely raised the challenge to the ALJ's appointment, remand is warranted. Defendant, however, maintains that Plaintiff waived his ability to challenge the authority of the ALJ to decide his claim.

In his statement of errors, Plaintiff in part argued that under *Lucia*, the ALJ lacked the authority to decide the case. (Statement of Errors at 11-12, ECF No. 11.) Plaintiff asserted that he challenged the ALJ's appointment in an April 26, 2019, letter to the Appeals Council asking the Appeals Council to reconsider its denial of Plaintiff's appeal. (*Id.* at 12.)

On December 8, 2019, the day before oral argument on Plaintiff's appeal to this Court, Plaintiff filed a copy of a letter he asserts his counsel filed with the Appeals Council on July 26, 2018, the day on which he filed his appeal before the Council, in which letter Plaintiff's counsel challenged the authority of the ALJ based on *Lucia*. The letter was not included in the administrative record filed by Defendant.[3] Plaintiff's counsel maintains

---

[1] In *Lucia*, the Supreme Court found that ALJs at the Securities and Exchange Commission were officers of the United States subject to appointment in accordance with the Appointments Clause of the United States Constitution.

[2] The Supreme Court decided *Lucia* on June 21, 2018. The ALJ issued his decision a week later, on June 29, 2018. On July 10, 2018, the President issued an Executive Order excepting all administrative law judges appointed under 5 U.S.C. § 310529 from competitive service selection procedures. Exec. Order No. 13,843, 83 Fed. Reg. 32,755 (July 10, 2018). The Acting Commissioner of Social Security ratified the appointments as her own on July 16, 2018. *See* 84 Fed. Reg. 9582, 9583 (Mar. 15, 2019); Social Security Emergency Message (EM) 18003 REV 2, § B.

[3] Because the letter was not part of the administrative record and because the parties had not addressed the

2

that he noticed the document was not in the record when preparing for oral argument. (Plaintiff's Supplemental Memorandum of Law at 3, ECF No. 22.) According to Defendant, a review of the available electronic case management systems revealed that although a supplemental document was filed by Plaintiff after the filing of his brief to the Appeals Council, the document was not recorded in the system. (Defendant's Supplemental Memorandum at 2, ECF No. 20.)

In this District and in many other districts, a party is deemed to have waived the ability to challenge the authority of the presiding ALJ under *Lucia* if the challenge is not raised at the administrative level. *See Christy A.L. v. Saul*, No. 2:18-cv-00260-JDL, 2019 WL 2524776, at *2-3 (D. Me. June 19, 2019); *see also Peterman v. Berryhill*, Civil Action No. 18-13751, 2019 WL 2315016, at *11 (D. N.J. May 31, 2019) (collecting cases). Consistent with the authority in this District, therefore, if Plaintiff did not timely raise the issue before the Appeals Council, Plaintiff's ability to challenge the authority of the ALJ would be waived.

The record establishes that Plaintiff raised the issue before the Appeals Council prior to the Appeals Council's decision on the appeal, which decision is dated April 8, 2019. (R. 1 – 4.) Although Plaintiff's July 26, 2018, letter was not located among the electronic filings, one can reasonably conclude that the letter is the supplemental document Defendant identified as filed but not recorded in the electronic case management system.

---

significance of the letter in their written argument, at the conclusion of oral argument, the Court directed the parties to file supplemental memoranda on the issue. The parties filed the memoranda on December 23 and 24, 2019.

Defendant nevertheless contends that Plaintiff waived his ability to rely on the July 26, 2018, letter to the Appeals Council because he did not cite the letter in his request for reconsideration before the Appeals Council, he did not request that the administrative record be supplemented to include the letter, he did not reference the letter in his statement of errors, and he failed to raise the issue until the day before the oral argument before this Court. (Defendant's Supplemental Memorandum at 2-3.)

Defendant correctly notes that generally in this District, an argument that is not raised in a statement of errors is waived. Plaintiff, however, specifically included his challenge to the ALJ's authority in his statement of errors. (Statement of Errors at 11-12.) While Plaintiff did not reference the July 26, 2018, letter in his statement of errors, Plaintiff is not prohibited from citing at oral argument additional evidence of record that might support his argument.

Plaintiff's failure to ensure that the July 26, 2018, letter was part of the administrative record also does not preclude Plaintiff from asserting the argument in this Court. First, given the number of documents in the administrative record of most social security cases, to foreclose a party from relying on a document that was presented at the administrative level, but inadvertently omitted from the record filed with the district court, would be unreasonable. In addition, the record lacks any evidence to suggest that Plaintiff was aware the document was not part of the administrative record and decided for strategic purposes to wait until oral argument to apprise the Court and Defendant of the document.

In sum, Plaintiff challenged the authority of the ALJ before a final administrative decision was issued and did not otherwise waive his ability to assert the challenge in this

Court. Defendant acknowledges that under the facts of this case, if Plaintiff properly challenged the ALJ's authority at the administrative level, the Court should remand the matter. (Defendant's Supplemental Memorandum at 4.) Because Plaintiff timely challenged the ALJ's authority based on *Lucia*, remand is appropriate.[4]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of January, 2020.

---

[4] Because I have concluded that remand is warranted based on Plaintiff's challenge to the ALJ's authority, I have not addressed Plaintiff's other arguments.