# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **PHILLIP W.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **2:19-cv-00258-JDL** |
| ) | |
| **ANDREW M. SAUL, Social** ) | |
| **Security Administration** ) | |
| **Commissioner,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER ON MOTION FOR ATTORNEY FEES

Phillip W. brought this action in June 2019, seeking review of the final administrative decision of the Social Security Administration Commissioner denying his application for supplemental income benefits (ECF Nos. 1, 11).  United States Magistrate Judge John C. Nivison recommended that I remand the case to the Commissioner (ECF No. 24), a recommendation that I adopted (ECF No. 25).

The Plaintiff now moves for an award of attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C.A. § 2412 (West 2020) (ECF No. 27).  The Commissioner opposes the award, arguing that (1) fees are not warranted under the EAJA because his position in the case was "substantially justified" under § 2412(d)(1)(A), and (2) even if the Commissioner's position was not substantially justified, the award that the Plaintiff requests is unreasonable (ECF No. 28).  For the reasons that follow, I find that the fee award that the Plaintiff seeks is warranted, but with a modest downward adjustment.

1

# I.  BACKGROUND

To evaluate whether the Commissioner's position was substantially justified, I recount the history of the case—including the administrative proceedings—in some detail.

## A.   Administrative Proceedings

In November 2016, the Plaintiff filed an application for supplemental security income, which was denied.  An Administrative Law Judge (ALJ) held an initial hearing on February 28, 2018.  At the hearing, the Commissioner presented testimony by a vocational expert (VE).  The Plaintiff requested a supplemental hearing to continue addressing the VE testimony and, at the ALJ's request, agreed to bring a rebuttal VE witness to that hearing rather than submit a post-hearing affidavit.  The Plaintiff did not bring a rebuttal witness to the supplemental hearing, which was held on June 15, 2018; instead, a few days after the hearing, the Plaintiff submitted a post-hearing brief, which included an affidavit by a rebuttal VE witness.

On June 29, 2018, the ALJ issued an unfavorable decision, relying on the Commissioner's expert's testimony to conclude that the Plaintiff is not disabled.  The ALJ did not admit or consider the rebuttal affidavit in part because the Plaintiff had not complied with the ALJ's requirement that the testimony be presented in person.

On July 26, 2018, the Plaintiff appealed the ALJ's decision to the Appeals Council on the grounds that the ALJ had erred by declining to admit the rebuttal affidavit.  On the same day that he filed his appeal, the Plaintiff filed a letter (the "first *Lucia* letter") with the Appeals Council, arguing that the ALJ lacked authority to decide his claim under the Appointments Clause of the United States Constitution

and *Lucia v. SEC*, 138 S. Ct. 2044 (2018).  The Appeals Council denied the appeal on April 8, 2019.

On April 26, 2019, the Plaintiff filed a letter with the Appeals Council seeking reconsideration on *Lucia* grounds.  In that letter, the Plaintiff did not mention the first *Lucia* letter or otherwise indicate that he had already raised the *Lucia* issue before the Appeals Council.  The Appeals Council did not act on or respond to the Plaintiff's second letter.

## B.   Judicial Proceedings

On June 6, 2019, the Plaintiff filed a complaint seeking review of the ALJ's decision under 42 U.S.C.A. § 405(g) (West 2020).   On August 19, 2019, the Commissioner filed his answer, along with the transcript and administrative record as required by sentence three of § 405(g); however, the record filed by the Commissioner did not include either of the Plaintiff's letters raising the *Lucia* issue.[1] In the Plaintiff's statement of errors, he primarily challenged the ALJ's refusal to consider the rebuttal affidavit.  He also challenged the ALJ's authority under *Lucia*, but stated that he had raised *Lucia* "in a letter to the Appeals Council dated April 26, 2019"—i.e., after the Appeals Council's decision.  ECF No. 11 at 12.  The Plaintiff did not mention the first *Lucia* letter in his statement of errors.  In response, the Commissioner defended the ALJ's evidentiary decision, and argued that the Plaintiff had waived the *Lucia* issue by failing to raise it at the administrative level.

---

[1] According to the Commissioner, a search of the Social Security Administration's electronic case management systems "indicates that a supplemental document was submitted after [the Plaintiff's original] brief to the Appeals Council, but the document itself is not recorded in "the case management systems that store the administrative record."  ECF No. 28 at 6.

On December 8, 2019, the day before the Magistrate Judge was scheduled to hear oral argument in the case, the Plaintiff realized that the first, timely *Lucia* letter was not in the administrative record and brought it to the Magistrate Judge's attention.   At oral argument and in a supplemental brief filed later, the Commissioner conceded that remand would be appropriate if the *Lucia* argument had not been waived, but maintained that the Plaintiff had waived *Lucia* by failing to mention the timely letter in his statement of errors.   On January 7, 2020, the Magistrate Judge determined that the Plaintiff had timely raised *Lucia* before the Appeals Council and, accordingly, recommended that I remand the case, which I ordered on April 1, 2020.

In July 2020, the Plaintiff moved for a fee award under the EAJA, requesting a total of $7898.12 in fees (ECF No. 27).   The Commissioner opposes an award on the grounds that his litigation position in the entire case was substantially justified because (1) it was reasonable to defend the ALJ's decision on the VE issue, and (2) the Commissioner reasonably relied on the Plaintiff's representation that he had first raised the *Lucia* issue on April 26, 2019.   The Commissioner also argues that if I conclude that his position was not reasonable, I should nevertheless reduce the fee award because the requested amount is excessive.

## II.  DISCUSSION

### A.    Substantial Justification

"Under the EAJA, 'a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified . . . .'"  *McLaughlin v. Hagel*, 767 F.3d

113, 117 (1st Cir. 2014) (quoting 28 U.S.C. § 2412(d)(1)(A)).  The government bears the burden to demonstrate substantial justification.  *See id.*

The government's position is "'substantially justified' if it is 'justified to a degree that could satisfy a reasonable person'—that is, if the position has a 'reasonable basis both in law and fact.'"  *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  "The Supreme Court has instructed that, 'while the parties' postures on individual matters may be more or less justified, the EAJA—like other fee shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items.'"  *Saysana v. Gillen*, 614 F.3d 1, 5 (1st Cir. 2010) (quoting *Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 161-62 (1990) (alteration omitted)).  Thus, "[t]o satisfy its burden, the government must justify not only its pre-litigation conduct but also its position throughout litigation."  *Dantran, Inc. v. U.S. Dep't of Labor*, 246 F.3d 36, 41 (1st Cir. 2001).  A government agency's "decision to prolong . . . adversarial proceedings" may "swallow[] up [its] earlier justifiable pursuit" of a particular administrative action or result.  *Id.* at 44.

Although I must eventually make a "single finding" as to whether the Commissioner's entire position was substantially justified, *Jean*, 496 U.S. at 160, for ease of analysis I address the Commissioner's various positions, in turn.

### 1.    Vocational Expert Testimony

The government's decision to defend the ALJ's evidentiary ruling, which excluded the rebuttal VE affidavit, was substantially justified.  The Social Security Administration (SSA) generally requires that evidence be submitted to the ALJ "no later than 5 business days before the date of the scheduled hearing," with certain

exceptions.  20 C.F.R. § 404.935.  Although the regulations make clear that an ALJ *may* accept new evidence at any time before the issuance of the decision, *see* 20 C.F.R. § 404.944, they do not specify when and under what circumstances the ALJ *must* accept evidence, *see McClesky v. Astrue*, 606 F.3d 351, 355 (7th Cir. 2010) ("We can't find any cases ruling on when an administrative law judge's refusal to consider new and material [VE] evidence first submitted after the hearing might be an abuse of discretion.").  And contrary to the Plaintiff's suggestion, courts have not interpreted Social Security Ruling 96-9p—which states, "[w]henever a VE is used, the [claimant] has the right to review and respond to the VE evidence prior to the issuance of a decision"—to categorically require an ALJ to consider all post-hearing evidentiary submissions that "respond to" VE testimony.  1996 WL 374185, at *10 n.8 (July 2, 1996).  Instead, courts have typically reconciled SSR 96-9p with 20 C.F.R. § 404.935(a) by observing that (1) an ALJ "cannot categorically refuse a request to consider evidence simply because it is submitted after the hearing has concluded," *Kelly v. Saul*, No. 18-cv-662-PB, 2019 WL 3492449, at *3 (D.N.H. Aug. 1, 2019), but (2) neither may a claimant simply "ignore the deadlines explicitly set by the ALJ for submission of [rebuttal vocational] evidence and file new materials at any time," without "justify[ing] the late submission of the supplemental affidavit," *Brownell v. Berryhill*, No. 17-11462-FDS, 2018 WL 615662, at *2 (D. Mass. Jan. 29, 2018); *accord Whitney v. Saul*, No. 18-11095-JCB, 2019 WL 4072021, at *9 n.7 (D. Mass. Aug. 29, 2019); *Patrick S. v. Saul*, No. 1:18-cv-289-DBH, 2019 WL 3814283, at *3-4 (D. Me. Aug. 14, 2019); *Palombo v. Berryhill*, No. 17-cv-284-LM, 2018 WL 3118286, at *5 (D.N.H. June 25, 2018).

The ALJ did not categorically refuse to consider the Plaintiff's rebuttal testimony.   Instead, he set guidelines for the Plaintiff to respond to the Commissioner's VE evidence, and excluded the rebuttal affidavit because it failed to comply with those guidelines.   The Commissioner's position on this issue therefore had a reasonable basis in law and fact.

### 2.   *Lucia* Waiver

The Plaintiff argues that the Commissioner's failure to preserve the first *Lucia* letter or to include it in the administrative record was unjustified.   The gist of the Plaintiff's argument is simple: If the SSA hadn't lost the first *Lucia* letter, the case would have been resolved much earlier, probably at the administrative level.

There is some force to this contention.   First, if the SSA had not lost the letter, the Appeals Council would likely have remanded the case, and the matter would not even have reached court.   *See* Social Security Ruling 19-1P, 2019 WL 1324866, at *3 (Mar. 15, 2019) (directing the Appeals Council to take this action in cases raising timely *Lucia* claims).   Second, as the Plaintiff notes, under sentence three of § 405(g), the Commissioner is required to "file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."   The Commissioner did not file a complete record in this case, and that failure directly prolonged the litigation.   Third, in ruling for the Plaintiff on the merits, I have already rejected the argument that the Plaintiff bore the responsibility to ensure that the first *Lucia* letter was in the record.   ECF No. 24 at 4.   Finally, it is important to hold the Commissioner accountable even for an inadvertent and inconspicuous error.   The stakes in Social Security cases are high for the individuals involved, and

the SSA should not be excused from adopting and maintaining a reliable case management system.

At the same time, in the absence of any hint from the Plaintiff that the record was incomplete, it was not entirely unreasonable for the Commissioner to rely on the record's accuracy. *See Ramos v. Barnhart*, 103 F. App'x 677, 678 (1st Cir. 2004) (per curiam) (noting that a Social Security claimant's "delay in raising crucial issues is relevant to the question whether the government's position was reasonable"). The Plaintiff, in fact, affirmatively represented that he had not raised *Lucia* until after the Appeals Council issued its decision. Under the circumstances, the Commissioner might have been justified in pursuing the *Lucia* waiver issue prior to December 8, 2019, despite the SSA's recordkeeping error.

However, I must also consider the Commissioner's position *after* the Plaintiff eventually notified it of the first *Lucia* letter. *See Dantran*, 246 F.3d at 44. The accuracy and authenticity of that letter was not in doubt, and nor, at least not within reason, were its legal consequences. The question of waiver turned on whether the Plaintiff had raised the *Lucia* issue at the administrative level, and the first *Lucia* letter showed conclusively that he had. The Commissioner had the opportunity and obligation to concede the *Lucia* issue, and his continued opposition to remand was not reasonable, notwithstanding the Plaintiff's own unreasonable failure to realize sooner that he had timely raised and preserved the *Lucia* issue.

### 3.   Conclusion

Although the Commissioner's legal position was reasonable prior to December 8, 2019, the recordkeeping error was never justified, and his litigation position after

8

December 8, 2019, was not substantially justified.  Balancing the reasonableness of these evolving positions, both before and throughout the litigation, I find that the Commissioner's position was not substantially justified and that the Plaintiff is therefore entitled to fees under the EAJA.

## B.   Reasonableness of Fees

The Plaintiff seeks a total of $7898.12 in fees,[2] but the Commissioner asserts that this amount is not reasonable—which any EAJA award must be, *see* 28 U.S.C.A. § 2412(b).  Specifically, the Commissioner challenges four blocks of time entries for which the Plaintiff has requested compensation: (1) time spent reviewing the administrative record and forms signed by the Plaintiff; (2) time spent reviewing attorney notices of appearance; (3) time spent after the filing of the complaint but before December 8, 2019; and (4) time spent traveling to and from oral argument.

### 1.   Time Spent Reviewing the Record

The Plaintiff has requested 1.0 hours of attorney time for work done before the complaint was filed: specifically, 0.9 hours marked "Review denial. Review of File. Letter to client," and 0.1 hours marked "Receipt and review of signed forms from client."  ECF No. 27-1 at 1.  Although "fees for services rendered at the administrative level are non-compensable under the EAJA," *Cogswell v. Barnhart*, No. Civ. 04-171-P-S, 2005 WL 1513121, at *2 (D. Me. June 24, 2005) (citing *Sullivan v. Hudson*, 490 U.S. 877, 892-93 (1989)), "[c]ourts have repeatedly rejected the . . . general position that no legal work before the filing of a complaint is compensable under the EAJA,"

---

[2] The Plaintiff seeks compensation for 38.9 hours of attorney time at $200.35 per hour, and 1.1 hours of paralegal time at $95 per hour.  The Commissioner does not challenge the rates requested, except for the rate for travel time, discussed below.

*Glenwood W. v. Soc. Sec. Admin. Comm'r*, No. 1:17-cv-00353-JAW, 2018 WL 3132595, at *4 (D. Me. June 26, 2018).

The Commissioner, citing *Glenwood W.*, argues that "[t]he simple submission of a timesheet, without support, is not enough to meet" a plaintiff's burden to establish entitlement to pre-complaint fees, ECF No. 28 at 9, but his reliance on that case is misplaced. There, the plaintiff's attorney's timesheets were inconsistent with "the travel of the case, as reflected in the docket," thus suggesting that the pre-complaint work reflected work unrelated to the case. *Glenwood W.*, 2018 WL 3132595, at *2. The plaintiff failed to explain the inconsistency, which led the court to find that the plaintiff had not established an entitlement to fees for that time. *Id.* at *5. Indeed, the court expressly stated that it did "not view this ruling as creating any precedent relevant to any future attorney's fee application, where [the plaintiff] has responded to the Commissioner's argument about the compensability of work performed prior to the filing of the complaint." *Id.*

Here, by contrast, the Commissioner has not pointed to any evidence that the pre-complaint time entries are not related to this case, and there is no indication that that work was not actually performed or that those fees are otherwise unreasonable. I therefore deny the Commissioner's objection to these time entries.

## 2.   Time Spent Reviewing Notices of Appearance

The Commissioner objects to two entries of 0.1 hours each for time spent receiving and reviewing attorney notices of appearance. However, the Commissioner does not cite any authority for the proposition that an attorney may not bill for administrative time; indeed, one of the cases he cites, *Tyrrell v. Berryhill*, 2:16-cv-

00628-JAW, 2018 WL 2933395, at *5 (D. Me. June 12, 2018), rejected the very argument the Commissioner now pursues, and the Commissioner does not attempt to distinguish the case.  Again, there is no indication that the time was not actually spent, and as the Plaintiff notes, this is the smallest time increment by which attorneys conventionally bill.  I find these time entries reasonable and deny the Commissioner's objection to them.

### 3.    Time Spent Litigating Unresolved Issues

The Commissioner argues that I should exclude 13.4 hours of attorney time and 0.5 hours of paralegal time for work performed after the filing of the complaint but before December 8, 2019 (the date on which the Plaintiff notified the Court that the first *Lucia* letter was missing from the record).  According to the Commissioner, that time "could have been avoided entirely" had the Plaintiff introduced the letter sooner, ECF No. 28 at 10, and it was therefore "duplicative, unproductive, excessive, or otherwise unnecessary," *Mason v. Me. Dep't of Corr.*, 387 F. Supp. 2d 57, 60 (D. Me. 2005) (quoting *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir. 1984)).

Although the Commissioner is correct that the other issues in this case would not have been litigated if the first *Lucia* letter had been introduced sooner, "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *see also McDonald v. Bowen*, 693 F. Supp. 1298, 1305 (D. Mass. 1988).  As I have already described, the Plaintiff does not bear primary responsibility for the first *Lucia* letter's disappearance or the litigation's duration.  Additionally, although the evidentiary issue related to

11

the rebuttal affidavit has not been resolved, it was a viable and nonfrivolous line of argument, as demonstrated by the conflicting administrative rules discussed above.

I find the Plaintiff's request for fees for the time spent prior to December 8, 2019 to be reasonable and deny the Commissioner's objection to those time entries.

### 4. Time Spent Traveling to Oral Argument

Here, the Commissioner's objection has some bite. The Commissioner argues that this Court should exclude or, in the alternative, halve the rate requested for the 4.8 hours that the Plaintiff's counsel spent traveling between South Portland and Bangor for the oral argument before the Magistrate Judge in December 2019.

"Travel is often a necessary incident of litigation, and an attorney's travel time may be reimbursed in a fee award." *Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 15 (1st Cir. 2011) (footnote omitted). Although some courts have excluded out-of-state attorney travel time altogether when a plaintiff has hired a non-local attorney without justification, *see, e.g.*, *Guillemard-Ginorio v. Contreras*, 603 F. Supp. 2d 301, 322-23 (D.P.R. 2009), the Commissioner has not identified any case in which a court has denied in-state travel time altogether, and it was not unreasonable for the Oxford County-based Plaintiff to hire a South Portland-based attorney from a firm that specializes in Social Security cases. The Commissioner also argues that the Plaintiff's counsel could have participated in the oral argument telephonically, but the benefits of in-person argument are substantial, and especially so here because the argument occurred on the day after the Plaintiff notified the Magistrate Judge that the first *Lucia* letter was not in the record. I find that the Plaintiff's counsel's travel time is compensable under the EAJA.

12

However, I agree with the Commissioner that a reduction in the rate for travel time is appropriate. Although "there is no hard-and-fast rule establishing what percentage of an attorney's standard billing rate is appropriate for travel time," *Hutchinson*, 636 F.3d at 15, courts in this Circuit have frequently found a one-half rate to be appropriate, *see, e.g.*, *Maceira v. Pagan*, 698 F.2d 38, 40 (1st Cir. 1983); *United States ex rel. Emery v. Belcon Enters., Inc.*, No. 2:14-cv-00483-DBH, 2016 WL 7494855, at *2 (D. Me. Dec. 30, 2016); *Desena v. LePage*, 847 F. Supp. 2d 207, 212-13 (D. Me. 2012); *R.I. Med. Soc'y v. Whitehouse*, 323 F. Supp. 2d 283, 309 (D.R.I. 2004). The parties do not suggest and I do not see a reason to depart from this practice.

I find that the 4.8 hours of travel time is compensable at a 50% rate, which leads to a reduction of $480.84 from the total requested award, for a total award of $7417.28.

### III.  CONCLUSION

For the reasons explained above, it is **ORDERED** that the Plaintiff's Motion for Attorney Fees (ECF No. 27) be **GRANTED IN PART**. The Plaintiff is awarded fees of $7417.28.

**SO ORDERED.**

**Dated this 23rd day of December, 2020.**

_____/s/ **JON D. LEVY**_____
**CHIEF U.S. DISTRICT JUDGE**